IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CYNTHIA L. BUTTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     CASE NO. 2:09-cv-836-MHT |
| | ) |
| DRESS BARN, INC., | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United

States Magistrate Judge for review and submission of a report with recommended findings

of fact and conclusions of law (Doc. 3, filed September 2, 2009). Pending before the Court

is *Defendant's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(3)* (Doc. 8, filed October

13, 2009), Plaintiff's *Response to Motion to Dismiss* (Doc. 14, filed November 2, 2009), and

Plaintiff's *Supplemental and Amended Response to Motion to Dismiss* (Doc. 15, filed

November 9, 2009). For good cause, it is the recommendation of the Magistrate Judge to

**DENY** the motion to dismiss, and instead transfer this civil action to the United States

District Court Western District of Louisiana - Shreveport division.

### I. PARTIES

Plaintiff, Cynthia L. Butts ("Butts" or "Plaintiff"), is currently a resident of

Montgomery, Alabama, which is within the Middle District of Alabama. Defendant is Dress

Barn Inc. ("Dress Barn" or "Defendant") whose principal place of business is in the State of New York.

## II.  JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 2000e-5 (Title VII). Defendant Dress Barn contests venue in its motion to dismiss.

## III.  NATURE OF CASE

On September 1, 2009, Butts initiated this action by filing her Complaint. *See* Doc. 1. The Complaint avers Dress Barn discriminated against Butts by denying her a full time position, training, subjecting her to discriminatory discipline, and asking her personal questions in front of customers. *Id.* After she complained, Butts was subjected to retaliation in the form of physical hostility. *Id.* Butts seeks legal and equitable relief including lost wages, compensation for emotional distress, punitive damages, attorney's fees, and costs. *Id.*

On October 30, 2009, Dress Barn filed a motion to dismiss under FED. R. CIV. P. 12(b)(3). *See* Doc. 8. Specifically Dress Barn asserts that venue is improper in the Middle District of Alabama as the factual basis for Butts' allegations arose entirely from her employment with Dress Barn in Louisiana. *Id.* On November 2, 2009, Butts timely filed her response to the Motion to Dismiss. *See* Doc. 14. In the motion, she acknowledges that venue is not proper in the Middle District of Alabama and the case should be in either Louisiana

or New York. *Id.* However, she notes that instead of dismissal, the Court should transfer venue to the Western District of Louisiana as her complaint will otherwise be barred by the statute of limitations. *Id.* Butts says her claims result from her employment at Dress Barn in Bossier City, Louisiana. *Id.* One week after filing her response, Butts filed a supplement to her response wherein she indicates that the appropriate court for transfer would be the Western District of Louisiana, Shreveport Division. *See* Doc. 15. No reply was filed, despite Dress Barn's opportunity to do so. The motion has been fully briefed and is ripe for this Court's review.

## IV. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(3) allows defendants to challenge the propriety of the venue selected by Plaintiffs by filing a motion to dismiss on the ground of improper venue. *See* FED. R. CIV. P. 12(b)(3). When a defendant objects to venue under Rule 12(b)(3), the plaintiff bears the burden of showing that the venue selected is proper. *See Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.3d 843, 845 (11th Cir. 1988) (stating that plaintiff must make a prima facie showing of venue); *Rogers v. Civil Air Patrol*, 129 F.Supp.2d 1334, 1336 (M.D. Ala. 2001). The evaluation of such a motion involves issues of fact which must be resolved by limited evidentiary submissions. *Smith v. Professional Claims, Inc.*, 19 F.Supp.2d 1276, 1278 (M.D. Ala. 1998) (citing *Jet Charter Serv., Inc. v. Koeck*, 907 F.2d 1110, 1112 (11th Cir. 1990)). Finally, "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss,

or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought ." 28 U.S.C. § 1406(a).

## V. DISCUSSION AND ANALYSIS

Ordinarily, courts determine whether venue for a civil action is proper under 28 U.S.C. § 1391 "except as otherwise provided by law." 28 U.S.C. § 1391(b).[1] However, Title VII includes its own venue provision. *See* 42 U.S.C. § 2000e-5(f)(3). Therefore, Title VII's venue provision supersedes the general venue provision of § 1391. *Pinson v. Rumsfeld*, 192 Fed. Appx. 811, 817 (11th Cir. 2006) (unpublished and citations omitted) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and that the more general provisions of § 1391 are not controlling in such cases.").

Title VII's venue provision states:

Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may

---

[1]     28 U.S.C. § 1391(b) provides in pertinent part that:
A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

> be brought within the judicial district in which the respondent has his principal
> office.

42 U.S.C. § 2000e-5(f)(3). Therefore, an action may be brought (1) in any district court in

a state where the Title VII violation occurred; (2) in the judicial district where the

employment records that pertain to the Title VII violation are maintained; (3) in the judicial

district where plaintiff would have worked had there been no Title VII violation; and (4) in

the judicial district where the defendant's principal office is located when none of the

previous three conditions exist. *See* 42 U.S.C. § 2000e-5(f)(3). "If the plaintiff brings suit

in a jurisdiction that does not satisfy one of the venue requirements listed in 42 U.S.C. §

2000e-5(f)(3), venue is improper." *Buesgens v. Coates*, 435 F.Supp.2d 1, 3 (D.D.C. 2006).

In the case before the Court, only the first two conditions are applicable. Therefore,

Butts could file suit where the unlawful employment practices occurred or where her

employment records are maintained and administered. The alleged discrimination and

retaliation occurred at Butt's former job at Dress Barn in Bossier City, Louisiana. *See* Docs

1, 8, and 14. Butts' employment records are maintained and administered in New York. *See*

Doc. 8. Therefore, venue would be proper in either Louisiana or New York. Plaintiff

acknowledges that the Middle District of Alabama is not a proper venue under Title VII's

venue provision. *See* Doc. 14. As such, the Court must look to Defendant's request for

dismissal.

As previously noted, a court may dismiss or, if it is in the interest of justice, transfer

the case to the district where it could have been brought. 28 U.S.C. § 1406(a). Thus, "[t]he

language of § 1406(a) is amply broad enough to authorize the transfer of cases, however

wrong the plaintiff may have been in filing his case as to venue, whether the court in which

it was filed had personal jurisdiction over the defendants or not." *Goldlawr, Inc. v. Heiman*,

369 U.S. 463, 466, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962); *accord Ellis v. Great

Southwestern Corp.*, 646 F.2d 1099, 1104 (5th Cir. 1981).[2] Generally, the court should

transfer if dismissal would result in a statute of limitations barring the plaintiff from refiling

her claim. *Goldlawr*, 369 U.S. at 466-67, 82 S.Ct. at 915-16; *see also El v. Belden*, 360

F.Supp.2d 90, 93 (D.D.C. 2004) ("Generally, transfers based on the interest of justice are

favored over the dismissal of actions."); .

Dress Barn seeks dismissal of Butts' claims because venue is improper. However, the

Court concludes that transfer is more appropriate. Butts received a right to sue letter dated

June 1, 2009 which requires her to file suit within 90 days of receipt of the notice. *See* Doc.

1, Attch 1. As aptly noted by Plaintiff Butts,[3] if the Court were to dismiss Plaintiff's civil

action for improper venue, Butts' attempt to refile her claims in a jurisdiction with proper

venue would be time-barred because it would be well outside of the 90 day filing requirement

---

[2]      *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*)
(adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior
to the close of business on September 30, 1981).

[3]      Incidentally, Butts proceeds *pro se*. The Court only notes this because it is
somewhat surprised Defendant, who is represented by experienced counsel, did not at least
acknowledge that transfer is within the Court's discretion especially when caselaw so clearly
indicates it should do so when there is an issue of the case being time barred.

Page 6 of 8

under Title VII.[4] Consequently, the action should be transferred. *See Slatick v. Director, OWCP, U.S. Dept. of Labor*, 698 F.2d 433 434-35 (11th Cir. 1983) (transfer required when case would be time barred by the time it was dismissed); *see also Pinson*, 192 Fed. App. at 817 (citing *Slatick* and the holding); *Minnette*, 997 F.2d at 1026-27 (holding that transfer under § 1406(a) was in the interest of justice when the 90 days limitation period in Title VII cases has expired).

The Court determines that based on the factual assertions in this Title VII case, venue would be appropriate in either the Western District of Louisiana, Shreveport division.[5]

### VI. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

(1)     *Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3)* (Doc. 8) be **DENIED**;

(2)     This case be transferred to the United States District Court Western District of Louisiana - Shreveport division; and

(3)     The Clerk be **DIRECTED** to take all necessary steps to effectuate the transfer

---

[4]     When a complaint is timely filed and later dismissed, the timely filing of the complaint does not toll or suspend the 90 day limitations period. *See Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993); *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

[5]     Defendant's principal place of business and the location of Plaintiff's employment records is in some unspecified location in New York. Venue would also be appropriate in the appropriate New York district court. However, this Court determines the more appropriate location is the place of the alleged discrimination which is Bossier City, Louisiana.

of Plaintiff's civil action.

**IT IS FURTHER ORDERED** that the parties file any objections to this *Recommendation* on or before **December 3, 2009.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 20th of November, 2009.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

Page 8 of 8