RECEIVED
MAR - 2 2011
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

CYNTHIA L. BUTTS

versus                          CIVIL ACTION NO. 10-0015
                                    JUDGE TOM STAGG

DRESS BARN INC.

## MEMORANDUM ORDER

Before the court is a letter motion filed pro se by Cynthia L. Butts ("Butts"), wherein she complains of a ruling by Magistrate Judge Mark Hornsby denying her request for appointment of counsel. She also seeks a telephone conference with the undersigned. See Record Document 53. This court will construe the plaintiff's filing as an appeal from the magistrate judge's ruling.

Any party may appeal a magistrate judge's ruling on a non-dispositive matter to a district court judge under Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 74.1 M & W. The decision by Magistrate Judge Hornsby to deny Butts's request for appointment is a non-dispositive matter. This action is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide. See Maisonville v. F2 America, Inc., 902 F.2d 746, 747-748 (9th Cir. 1990). As part of the ordinary appeal from a magistrate judge's ruling on a non-dispositive matter, the district judge may "set aside any portion of the order found to be clearly erroneous or

contrary to the law." Fed. R. Civ. P. 72(a).

In his ruling, Judge Hornsby detailed the requirements for a plaintiff proceeding under Title VII to obtain counsel and the history of Butts's case thus far. See Record Document 50. He ultimately concluded that "there is not enough likelihood of merit demonstrated to warrant the appointment of counsel." Id. at 4. After considering Butts' arguments in her appeal, the court agrees with the reasoning of Judge Hornsby's decision and finds no error. Accordingly, Judge Hornsby's ruling (Record Document 50) is **AFFIRMED**. The request for a conference with the undersigned is **DENIED**. The court's usual practice at this stage of litigation is for the magistrate judge to conduct all conferences and the court sees no reason to deviate from that practice.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 1st day of March, 2011.

_____
JUDGE TOM STAGG