UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CYNTHIA L. BUTTS                          CIVIL ACTION NO. 10-cv-0015

VERSUS                                    JUDGE STAGG

DRESS BARN, INC.                          MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Cynthia Butts ("Plaintiff") commenced this action by filing a pro se complaint against her former employer, Dress Barn, Inc., that alleged employment discrimination. Plaintiff has been unable to obtain counsel on her own, and the court has denied her request for appointed counsel. Plaintiff refused, despite a court order, to sit for her deposition unless she is represented by counsel. Dress Barn filed a Motion to Dismiss (Doc. 73) based on Plaintiff's refusal to submit to a deposition. It is recommended, for the reasons that follow, that the motion be granted and this case be dismissed with prejudice.

### Relevant Facts

Plaintiff, a white female, alleges in her complaint that Dress Barn promised her a full-time position, but she was given only a part-time job, and African American employees hired at the same time were permitted full-time employment. Plaintiff alleges that she was subjected to race-based differences in training opportunities and discipline, and she complains that she was subjected to retaliation after she complained about these matters.

Plaintiff filed her pro se complaint in the Middle District of Alabama (she currently resides in Montgomery, Alabama), but that court transferred venue to the Western District of Louisiana because the site of the alleged discrimination was a Dress Barn store in Bossier City, Louisiana.

Attorney Kathleen Hobson enrolled to represent Plaintiff after the transfer.  Doc. 24. At the request of the parties, Magistrate Judge Karen Hayes conducted a settlement conference in January 2011, but no settlement was reached.  Doc. 45.  Two days later, attorney Hobson filed a motion to withdraw on the grounds that she and Plaintiff "have come to fundamental and unresolvable differences concerning the course and conduct of this case." The court granted the motion to withdraw and strongly encouraged Plaintiff to retain new counsel.  Plaintiff was granted until February 24, 2011 to (1) enroll new counsel or (2) file with the court a written statement that she intends to represent herself.  The court noted that the Scheduling Order remained in place.  Doc. 47.

Plaintiff filed a Motion to Appoint Counsel.  The undersigned denied the motion for reasons explained in a six-page Memorandum Order.  Doc. 50.  Plaintiff was given an extension of time until March 7, 2011 to enroll new counsel or file a written statement that she intends to represent herself.  Plaintiff appealed the denial of counsel, and Judge Stagg affirmed the denial.  Doc. 60.  Plaintiff, despite frequent filings, has yet to enroll new counsel or state that she intends to represent herself.  Rather, she has stated several times that she is unable to represent herself so insists that the court appoint counsel.

Dress Barn noticed Plaintiff's deposition for March 11, 2011.  Plaintiff appeared at the deposition but, before being asked the first question about her claims, read a statement that she did not want to attend a deposition without an attorney to represent her, she had been unable to find an attorney or get one appointed, she felt the denial of counsel was an abuse of discretion, and she would not answer any questions.  Plaintiff stated that she felt sick but would return on the next Monday to "give you some information as to what happened involving my case," but she would not answer any questions posed by counsel.  Plaintiff clarified, "I'm not going to be cross-examined, but I will let you know what happened in my case."  When counsel for Dress Barn informed Plaintiff that Dress Barn was entitled to take Plaintiff's deposition, Plaintiff replied, "I'm not going to answer any questions without an attorney present."  Doc. 73, Exhibit A.

Dress Barn filed a motion (Doc. 63) that asked for entry of default based on Plaintiff's refusal to submit to deposition or, in the alternative, an order compelling Plaintiff to appear at a deposition and answer questions.  Plaintiff filed a response (Doc. 67) in which she argued that it was unfair to require an unrepresented plaintiff to appear at a deposition taken by an attorney.

The court did not grant Dress Barn's request for a default, but the court did order Plaintiff to "sit for a deposition and answer questions asked by counsel for Defendant."  The order noted that the court has made clear that it is not going to appoint counsel for Plaintiff, and Plaintiff has had several months in which to attempt to retain counsel.  The case could no longer be delayed based on the slim hope that Plaintiff might someday succeed in her

attempts.  Plaintiff was told that she "may not refuse to answer questions on the grounds that she is not represented by counsel."  Defense counsel and Plaintiff were directed to confer and choose an agreeable date for a deposition as soon as reasonably possible.  The order warned: "Plaintiff's case will be subject to dismissal if Plaintiff refuses to attend the deposition or improperly refuses to answer questions posed to her."

Plaintiff responded to the order by filing a document (Doc. 74) in which she maintained, with all due respect, that she could not attend a deposition and be questioned without an attorney's representation.  She maintained that she qualifies for court-appointed counsel.  Dress Barn responded by filing its Motion to Dismiss.

Federal Rule of Civil Procedure 16(f) provides that the court, on motion or on its own, may issue any just orders, including those authorized by the sanctions provision of Rule 37, if a party fails to obey a scheduling or other pretrial order.  Rule 37(b)(2)(A) provides that if a party fails to obey an order to provide or permit discovery, the court may grant various remedies, including dismissing the action.

Several factors must be present before a court may dismiss a case as a sanction for violating a discovery order: (1) the refusal to comply results from wilfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation must be attributable to the client instead of an attorney; (3) the violating party's misconduct must substantially prejudice the opposing party, and (4)  A less drastic sanction would not substantially achieve the desired deterrent effect. FDIC v. Conner, 20 F.3d 1376, 1380-81 (5th Cir. 1994).

Plaintiff's refusal to comply is wilful and accompanied by a long record of refusal to accept the denial of counsel and participate in the litigation process as a self-represented party (which even prisoners manage to do on a fairly regular basis).  Plaintiff may believe in good faith that she is entitled under law to appointment of counsel, but the court has issued orders to the contrary and given her multiple opportunities and ample time to retain counsel or proceed as self-represented.  The violation is attributable to Plaintiff directly, and her refusal to answer a single question about her allegations is substantially prejudicial to Dress Barn. Plaintiff may not force Dress Barn to go to trial against her without taking her deposition.  (Given Plaintiff's stubbornness about being questioned by counsel when she is unrepresented, she might even refuse cross-examination at trial.)

Under these circumstances, there is no less drastic sanction that would serve the necessary purpose.  Plaintiff has been given multiple opportunities to obey the orders of the court, and she has consistently and knowingly refused to do so.  She was given an order to sit for her deposition, along with an express warning that her case could be dismissed if she refused to do so. Plaintiff  refused to comply with the order, and it is now time for the warning to come to fruition. See Hunting v. BASF, 398 Fed. Appx. 61 (5th Cir.2010) (affirming dismissal where self-represented plaintiff frustrated the discovery process by his lack of cooperation in scheduling his deposition); Doe v. American Airlines, 283 Fed. Appx. 289 (5th Cir. 2008) (affirming dismissal of pro se plaintiff's case for failure to comply with discovery orders); and Cline v. City of Bossier City, 2011 WL 2458085 (W.D. La. 2011)

(self-represented plaintiff's case dismissed after she refused to be deposed without a lawyer; lack of counsel "is not a lawful basis to refuse to participate in discovery.")

Accordingly,

**IT IS RECOMMENDED** that Dress Barn's **Motion to Dismiss (Doc. 73)** be **granted** and that Plaintiff's complaint be **dismissed with prejudice** for refusal to comply with a court order.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of June, 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE